# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **SOUTHERN AUDIO SERVICES, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | **Case No. 4:25-cv-2723** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **GRACE DIGITAL, INC.,** | § | |
| **GRACE DIGITAL II, INC., and** | § | |
| **SOUND EXTREME, INC.** | § | |
| | | |
| **Defendants.** | | |

## COMPLAINT FOR PATENT INFRINGEMENT

1.     Plaintiff, Southern Audio Services, Inc. ("SAS"), files this Complaint for patent infringement and demand for jury trial against Defendants Grace Digital, Inc.; Grace Digital II, Inc.; and Sound Extreme, Inc. (collectively "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

2.     This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") against Defendants for infringement of U.S. Patent Nos. 11,407,362 (the "'362 Patent") and 11,745,669 (the "'669 Patent") (the "patents-in-suit"), which are attached as Exhibits A and B, respectively, and incorporated herein by reference, pursuant to 35 U.S.C. § 271, to recover damages, attorney's fees, and costs.

## PARTIES

3.     Plaintiff SAS is a company organized and existing under the laws of the State of Louisiana in the United States of America and having an address of 14763 Florida Blvd., Baton Rouge, LA 70819.

4.     On information and belief, Defendant, Grace Digital, Inc., is a corporation organized and existing under the laws of the State of California in the United States of America,

with its principal place of business at least 11870 Community Rd., Ste. 200, Poway, CA 92064 and 10531 4S Commons Drive, Ste. 430, San Diego, CA 92127.

5.     On information and belief, Defendant, Grace Digital II, Inc., is a corporation organized and existing under the laws of the State of Texas in the United States of America, with its principal place of business at least 9212 Fry Rd., Ste. 105 C/O Box 351, Cypress, TX 77433.

6.     On information and belief, Defendant, Sound Extreme, Inc., is a corporation organized and existing under the laws of the State of Texas in the United States of America, with its principal place of business at least 9212 Fry Rd., Ste. 105-351, Cypress, TX 77433.

7.     On information and belief, Defendants sell portable audio products under the brand name SOUNDEXTREME by ECOXGEAR and X SOUNDEXTREME by ECOXGEAR. On information and belief, Sound Extreme, Inc. has facilities and operations in Poway, California; Houston, Texas; and West Palm Beach, Florida.



## SOUNDEXTREME: Expanding the Adventure

Growing out of the portable audio space, in 2022, SOUNDEXTREME by ECOXGEAR was born in Houston, TX. SOUNDEXTREME utilizes the same dedication to providing rugged and waterproof audio solutions for the great outdoors with its expanded product line dedicated to the marine, golf cart, and powersports industries.

Today we have facilities and operations in Poway, CA, Houston, TX, West Palm Beach, FL and around the world with great team members dedicated to bringing you the most rugged waterproof products with the best customer service we can provide.

https://ecoxgear.com/pages/about-us (last visited Apr. 22, 2025).

8.      Defendants conduct business, either directly or through their agents, on an ongoing basis in this judicial district and elsewhere in the United States and have a regular and established place of business in this judicial district, as discussed below.

## JURISDICTION AND VENUE

9.      This action arises under the patent laws of the United States, 35 U.S.C. § 101, et seq. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.     Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to constitutional due process and the Texas Long-Arm Statute, due at least to their extensive business in the state of Texas and in the jurisdiction of the United States District Court for the Southern District of Texas (this "District"), including their infringement alleged herein. This Court has specific and general personal jurisdiction over Defendants at least because Defendants (1) committed acts of patent infringement and contributed to and induced acts of patent infringement by others in the state of Texas and in this District; (2) regularly did business or solicited business in the state of Texas and in this District; (3) engaged in other persistent courses of conduct and derived substantial revenue by their offering of infringing products and services and providing infringing products and services in the state of Texas and in this District; and (4) purposefully established substantial, systematic, and continuous contacts with the state of Texas and with this District and should have reasonably expected to be subject to suit here by their maintenance of a regular and established physical place of business in the state of Texas and in this District and offering of infringing products and services and providing infringing products and services in the state of Texas and in this District.

11.     Defendants, directly, have purposefully and voluntarily placed infringing products into the state of Texas and into this District and into the stream of commerce with the intention and expectation that the infringing products will be purchased for use in the state of Texas and in this District.

12.     Venue is proper in this judicial district under at least 28 U.S.C. §§ 1391(b), (c) and/or 28 U.S.C. § 1400(b). Venue in this District is proper for Defendants at least because Defendants have committed acts of infringement in this District as detailed throughout this complaint, and Defendants have a regular and established place of business in this District. For

example, on information and belief, Defendants have a regular and established place of business in this district through their physical location in Cypress, Texas listed below or other locations in the Houston metropolitan area as claimed on Defendants' website.

**About SoundExtreme by ECOXGEAR:**

Based in Houston, Texas, SOUNDEXTREME provides a family of 100% waterproof outdoor audio and LED light solutions with the highest levels of quality, support, and service. SOUNDEXTREME sells its products through major retailers, dealers, and distributors throughout North America. To learn more about ECOXGEAR products please visit them at WWW.SOUNDEXTREME.US.

https://soundextreme.com/blogs/news/ecoxgear-launches-the-next-generation-of-all-weather-soundbars-the-soundextreme-elite-28?srsltid=AfmBOoq-Tpenw7yPCklXuaHlFC2HIKo5fU1UpkAWtkgl3wXdyy_YNcWJ (last visited May 1, 2025).

13.    Defendants provide sound bar ECOXGEAR speaker products, including but not limited to model numbers SE18, SEDS32, SE26, SEB26, SE18E, SEB28, SE28, and SEDS33 (collectively, "the Accused Products") to customers throughout the United States, which are offered and purchased by consumers in Texas and in this District through their website at https://soundextreme.com/collections/soundbars in an infringing manner, as detailed throughout this complaint. On information and belief, sales of the Accused Products occur in the state of Texas and in this District as a result thereof.

14.    In addition to their online website at https://ecoxgear.com accessible in the state of Texas and in this District, Defendants maintain a physical location at 9212 Fry Rd., Ste. 105-351, Cypress, TX 77433. Press releases from Defendants also claim that Defendants are "[b]ased in Houston, Texas."

- 5 -

**About SoundExtreme by ECOXGEAR:**

Based in Houston, Texas, SOUNDEXTREME provides a family of 100% waterproof outdoor audio and LED light solutions with the highest levels of quality, support, and service. SOUNDEXTREME sells its products through major retailers, dealers, and distributors throughout North America. To learn more about ECOXGEAR products please visit them at WWW.SOUNDEXTREME.US.

*See, e.g.,* https://soundextreme.com/blogs/news/ecoxgear-launches-the-next-generation-of-all-weather-soundbars-the-soundextreme-elite-28?srsltid=AfmBOoq-Tpenw7yPCklXuaHlFC2HIKo5fU1UpkAWtkgl3wXdyy_YNcWJ (last visited May 1, 2025).

15.     On information and belief, the Accused Products are available for purchase from dealers in this District.



https://www.cabelas.com/p/ecoxgear-soundextreme-speaker-bar (last visited Apr. 23, 2025) (red annotation added).

**FACTUAL ALLEGATIONS**

16.     SAS opened for business in November 1983 as a manufacturer of home audio loudspeakers. But it wasn't long before one of the company's co-founders, Jon Jordan, realized SAS wouldn't survive unless it could offer something new and innovative to the competitive market. Mr. Jordan surveyed many of his key dealers, figuring that was the best place to start. That, he thought, could lead him to SAS's niche. Mr. Jordan was right. Dealers informed Mr. Jordan of an overwhelming need for a compact, high-quality bass speaker that could fit behind the seats of the thousands of mini-pickup trucks, which were considered the most difficult installations in the car audio field. Immediately, Mr. Jordan returned to Baton Rouge, Louisiana, and consulted with Dave Prophit, an SAS engineer. The two began to study the problem. Through the process of experimentation the Bazooka subwoofer speaker system, with the innovative, patented Bass Tubes enclosure design, was born.

17.     Once Bazooka began emerging as a product of choice for truck owners, it also began popping up in hatchback cars, vans and sedans. Today, the award-winning Bazooka is the speaker system of choice for drivers of every vehicle type on the market, including campers and boats. Consumers recognized the logic behind the Bass Tubes enclosure design—precise bass response without the loss of valuable space.

18.     As Bazooka has expanded to other vehicles, SAS continued to pursue patent protection on its innovations. SAS owns patents on the assembly, mounting, form factor, and function of the Bazooka speaker system for a variety of applications.

19.     SAS is recognized throughout the industry as a leader, as an innovator, and as a manufacturer of car audio products of the highest quality. Twice SAS has been named one of America's 500 fastest growing companies, primarily because of sales of the Bazooka subwoofer speaker system. SAS's corporate office is located in Baton Rouge, Louisiana, where SAS performs product development, warehousing, distribution, accounting, sales, and marketing operations.

20.     The '362 Patent was duly and legally issued on August 9, 2022. A true and correct copy of the '362 Patent is appended hereto as Exhibit A. The '362 Patent is valid and in full force and effect. The '362 Patent has survived two Third Party Reexaminations at the United States Patent and Trademark Office. *See* Ex. A (Ex Parte Reexamination Certificate issued September 18, 2024); Ex. K (Notice of Intent to Issue Ex Parte Reexamination Certificate dated March 27, 2025).

21.     The '669 Patent was duly and legally issued on September, 2023. A true and correct copy of the '669 Patent is appended hereto as Exhibit B. The '669 Patent is valid and in full force and effect. The '669 Patent has survived two Third Party Reexaminations at the United States Patent and Trademark Office. *See* Ex. B (Ex Parte Reexamination Certificate issued August 15, 2024); Ex. L (Notice of Intent to Issue Ex Parte Reexamination Certificate dated March 21, 2025).

22.     SAS is the sole owner of the patents-in-suit with all substantial rights, including the exclusive right to enforce, sue, and recover damages for past and future infringements.

**DEFENDANTS' INFRINGING ACTIVITIES AND PRODUCTS**

23.     On information and belief, Defendants have and continue to infringe the patents-in-suit by making, importing, using, selling, and offering for sale the Accused Products in the United States that embodies or uses the inventions claimed in the patents-in-suit.

24.     SAS obtained examples of the Accused Products for inspection and analysis. *See* Exhibits C–J.

25.     The Accused Products directly infringe, literally and/or under the doctrine of equivalents, at least Claim 1 of the '362 Patent. *See* Exhibits C–F.

26.     The Accused Products directly infringe, literally and/or under the doctrine of equivalents, at least Claim 1 of the '669 Patent. *See* Exhibits G–J.

27.     On information and belief, Defendants have had knowledge of the '362 Patent as of at least November 27, 2023, when the Amazon Patent Evaluation Express (APEX) proceeding filed by SAS alleging the Accused Products infringe the '362 Patent was instituted.

28.     On information and belief, Defendants have had knowledge of the '669 Patent as of at least February 6, 2024 when Defendants filed a Request for Ex Parte Reexamination of the '669 Patent at the United States Patent and Trademark Office.

29.     On information and belief, Defendants are liable for inducing infringement of the '362 and '669 Patents under 35 U.S.C. § 271(b) by having knowledge of the '362 and '669 Patents and knowingly causing or intending to cause, and continuing to knowingly cause or intending to cause, direct infringement of the '362 and '669 Patents by its customers. Specifically, Defendants are liable for inducing infringement of the '362 and '669 Patents by providing user manuals, installation instructions, and other materials to its customers for their use of the Accused Products. Defendants' customers directly infringe the '362 and '669 Patents by installing the Accused Products as instructed by Defendants.

30.     On information and belief, Defendants are liable for contributory infringement of the '362 and '669 Patents under 35 U.S.C § 271(c) by having sold or offered to sell, and continuing to sell or offer for sale the Accused Products within the United States because the Accused Products constitute a material part of the invention embodied in the '362 and '669 Patents, which Defendants know to be especially made and/or especially adapted for use in infringement of the

'362 and '669 Patents, and which is not a staple article or commodity of commerce suitable for substantial non-infringing use. Specifically, Defendants are liable for contributing to infringement of the '362 and '669 Patents by selling mounting brackets for the Accused Products and providing user manuals, installation instructions, and other materials to its customers instructing on how to install and use the Accused Products. Defendants' customers directly infringe the '362 and '669 Patents by installing the Accused Products as instructed by Defendants.

31.    As alleged above, Defendants had knowledge of the '362 and '669 Patents before the filing of this Complaint and knew, should have known, or were willfully blind to the fact of Defendants' infringement of the '362 and '669 Patents before the filing of this Complaint. For example, SAS put Defendants on notice at least as of the filing of the APEX proceeding on November 27, 2023. Additionally, Defendants filed Requests for Ex Parte Reexaminations of both the '362 and '669 Patents, demonstrating Defendants' knowledge of the patents. Despite knowing that their actions constitute induced infringement of the '362 and '669 Patents and/or despite knowing that there was a high likelihood that their actions constitute direct and indirect infringement of the patents, Defendants nevertheless continue their infringing actions, and continue to make, use, sell, and/or offer for sale one or more of the Accused Products. Upon information and belief, Defendants' infringement of the '362 and '669 Patents is willful, entitling SAS to enhanced damages pursuant to 35 U.S.C. § 284. This action also is exceptional within the meaning of 35 U.S.C. § 285, entitling SAS to its attorneys' fees and expenses.

32.    SAS has been damaged by Defendants' infringing conduct and continues to be damaged by Defendants' ongoing acts of infringement.

33.    Defendants directly compete with SAS in the sound bar market.

34.     Defendants' Accused Products compete head-to-head with SAS's Bazooka Party Bar sound bar products.

35.     Defendants' sales of Accused Products directly displace sales of SAS's Bazooka Party Bar sound bar products that would have been made by SAS but for Defendants' sales.

36.     Defendants' infringing activities have caused and continue to cause SAS to suffer monetary damages in the form of lost profits, price erosion, and lost market share.

## COUNT ONE

37.     SAS repeats and realleges paragraphs 1 through 36 hereof, as if fully set forth herein.

38.     On information and belief, Defendants have been and are infringing at least Claim 1 of the '362 Patent, literally or under the doctrine of equivalents, by making, using, selling, or offering for sale in the United States, and/or importing into the United States, including within this judicial district, the Accused Products, in violation of 35 U.S.C. § 271. This infringement is shown, for example, with respect to Claim 1, in Exhibits B–E.

39.     On information and belief, Defendants have indirectly infringed and continue to indirectly infringe at least Claim 1 of the '362 Patent, by inducing and contributing to the infringement of others in the United States, including within this judicial district, in violation of 35 U.S.C. § 271(b) and (c). For example, Defendants make, import, offer to sell, and sell within the United States Accused Products that, when used by customers as instructed by Defendants and according to their intended purpose, infringe at least Claim 1 of the '362 Patent.

40.     On information and belief, Defendants provides detailed instructions, demonstrations, and support materials to their customers directing them how to install and use the Accused Products in a manner that Defendants know infringes at least Claim 1 of the '362 Patent.

Examples of such detailed instructions, demonstrations, and support materials are included on the packaging for the Accused Products, as depicted below.



SoundExtreme        SEB26        User        Guide,        *available        at* https://cdn.shopify.com/s/files/1/0681/9843/3043/files/SoundExtreme-SEB26_UG-DRAFT8.pdf?v=1682604676.

41.        On information and belief, Defendants sell and offer to sell one or more components of the Accused Products, constituting a material part of the invention, knowing the same to be especially made and adapted for use in an infringement of at least Claim 1 of the '362 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing

use. Defendants' knowledge of these exemplary acts of induced and contributory infringement is further discussed below with respect to the willfulness with which Defendants have infringed the '362 Patent.

42.     Defendants' infringement has been, and continues to be knowing, intentional, and willful. On information and belief, Defendants knew or should have known of the '362 Patent rights when it began selling the Accused Products, as SAS marked its Bazooka mobile audio products. As a result of this marking, Defendants have known or should have known of their infringement of the '362 Patent since at least as of August 19, 2022, when SAS added the '362 Patent to its virtual marking web page. Furthermore, SAS informed Defendants of their infringement of the '362 Patent by filing an Amazon Patent Evaluation Express (APEX) proceeding alleging the Accused Products infringe the '362 Patent, which was instituted on November 27, 2023. Additionally, based on the U.S. Patent Office's decision to issue reexamination certificates for the '362 Patent at the conclusion of the reexamination proceedings filed by Defendants, Defendants know that the '362 Patent is valid.

43.     Defendants knew of the issuance of '362 Patent prior to June 11, 2025.

44.     Despite this knowledge, Defendants continue to willfully import, make, use, offer to sell, and sell the Accused Products in disregard of SAS's patent rights.

45.     Defendants' acts of infringement of the '362 Patent have caused and will continue to cause SAS damages for which SAS is entitled to compensation pursuant to 35 U.S.C. § 284.

46.     Defendants' acts of infringement of the '362 Patent have caused and will continue to cause SAS immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. SAS has no adequate remedy at law.

## COUNT TWO

47.    SAS repeats and realleges paragraphs 1 through 46 hereof, as if fully set forth herein.

48.    On information and belief, Defendants have been and are infringing at least Claim 1 of the '669 Patent, literally or under the doctrine of equivalents, by making, using, selling, or offering for sale in the United States, and/or importing into the United States, including within this judicial district, the Accused Products, in violation of 35 U.S.C. § 271. This infringement is shown, for example, with respect to Claim 1, in Exhibits B–E.

49.    On information and belief, Defendants have indirectly infringed and continues to indirectly infringe at least Claim 1 of the '669 Patent, by inducing and contributing to the infringement of others in the United States, including within this judicial district, in violation of 35 U.S.C. § 271(b) and (c). For example, Defendants make, import, offer to sell, and sell within the United States Accused Products that, when used by customers as instructed by Defendants and according to their intended purpose, infringe at least Claim 1 of the '669 Patent.

50.    On information and belief, Defendants provide detailed instructions, demonstrations, and support materials to their customers directing them how to install and use the Accused Products in a manner that Defendants know infringes one or more of Claim 1 of the '669 Patent. Examples of such detailed instructions, demonstrations, and support materials are included on the packaging for the Accused Products, as depicted below.



SoundExtreme          SEB26          User          Guide,          *available*          *at*

https://cdn.shopify.com/s/files/1/0681/9843/3043/files/SoundExtreme-SEB26_UG-DRAFT8.pdf?v=1682604676.

51.    On information and belief, Defendants sell and offer to sell one or more components of the Accused Products, constituting a material part of the invention, knowing the same to be especially made and adapted for use in an infringement of one or more of Claim 1 of the '669 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. Defendants' knowledge of these exemplary acts of induced and contributory

infringement is further discussed below with respect to the willfulness with which Defendants have infringed the '669 Patent.

52.     Defendants' infringement has been, and continues to be knowing, intentional, and willful. On information and belief, Defendants knew or should have known of the '669 Patent rights when it began selling the Accused Products, as SAS marked its Bazooka mobile audio products. As a result of this marking, Defendants have known or should have known of its infringement of the '669 Patent since shortly after the U.S. Patent and Trademark Office issued the '669 Patent and SAS added the '669 Patent to its virtual marking web page. Furthermore, Defendants have had knowledge of the '669 Patent as of at least February 6, 2024 when Defendants filed a Request for Ex Parte Reexamination of the '669 Patent at the United States Patent and Trademark Office. Additionally, based on the U.S. Patent Office's decision to issue reexamination certificates for the '669 Patent at the conclusion of the reexamination proceedings filed by Defendants, Defendants know that the '669 Patent is valid.

53.     Defendants knew of the issuance of '669 Patent prior to June 11, 2025.

54.     Despite this knowledge, Defendants continue to willfully import, make, use, offer to sell, and sell the Accused Products in disregard of SAS's patent rights.

55.     Defendants' acts of infringement of the '669 Patent have caused and will continue to cause SAS damages for which SAS is entitled to compensation pursuant to 35 U.S.C. § 284.

56.     Defendants' acts of infringement of the '669 Patent have caused and will continue to cause SAS immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. SAS has no adequate remedy at law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, SAS requests judgment against Defendants as follows:

(a)    Declaring that Plaintiff is the owner of all right, title, and interest in and to the patents-in-suit, together with all rights of recovery under such patents for past infringement thereof;

(b) Declaring that the patents-in-suit are valid and enforceable and that Defendants have infringed the patents-in-suit, in violation of 35 U.S.C. § 271;

(b)    Declaring that Defendants' infringement of the patents-in-suit was willful;

(c)    Granting an injunction permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducing infringement of the patents-in-suit;

(d)    Ordering Defendants to account and pay damages adequate to compensate SAS for Defendants' infringement of the patents-in-suit, including lost profits, price erosion, and not less than a reasonable royalty and pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

(e)    Ordering an accounting for any infringing sales not presented at trial and an award by the court of additional damages for any such infringing sales;

(f)    Declaring that Defendants' infringement has been willful and that the damages award be trebled pursuant to 35 U.S.C. § 284;

(g)    Declaring this case exceptional and awarding SAS its reasonable attorney fees, pursuant to 35 U.S.C. § 285; and

(h)    Awarding such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated:  June 11, 2025

*/s/ Brian C. Banner*
Brian C. Banner (Texas Bar No. 24059416)
bbanner@sgbfirm.com
Valerie Barker (Texas Bar No. 24087141)
vbarker@sgbfirm.com
Tecuan Flores (Texas Bar No. 24084569)

SLAYDEN GRUBERT BEARD PLLC
401 Congress Ave., Ste. 1650
Austin, TX 78701
Tel: 512.402.3550
Fax: 512.402.6865

*Counsel for Plaintiff SOUTHERN AUDIO SERVICES, INC.*